IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CHRISTOPHER GARZA, Petitioner, vs. SCOTT R. FRAKES, Director, Nebraska Department of Correctional Services, Respondent. | 4:17CV474 **ORDER UPON INITIAL REVIEW** |

This matter is before the Court for initial review of Christopher Garza's ("Garza") Petition for a Writ of Habeas Corpus ("petition") under 28 U.S.C. § 2254 (Filing No. 1). Under § 2254, "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Rule 4 of the Rules Governing § 2254 Cases requires the Court to conduct an initial review of the petition and summarily dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Absent such dismissal, the Court "must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the [Court] may order."

On January 18, 1991, a jury convicted Garza of first-degree (felony) murder and use of a knife to commit a felony. Garza, who was sixteen at the time of the offense, received a mandatory life sentence without the possibility of parole for the murder conviction and received a consecutive sentence of 6 2/3 to 20 years for the weapon conviction. *State v. Garza*, 888 N.W.2d 526, 532 (Neb. 2016). The Nebraska Supreme Court affirmed Garza's convictions and sentences on direct appeal. *State v. Garza*, 492 N.W.2d 32, 50 (Neb. 1992).

In 2012, the United States Supreme Court held "that the Eighth Amendment forbids a sentencing scheme that mandates life in prison without possibility of parole for juvenile offenders." *Miller v. Alabama*, 567 U.S. 460, 479 (2012). After the Nebraska Supreme Court determined *Miller* applied retroactively, *see State v. Mantich*, 842 N.W.2d 716, 731 (Neb. 2014), the sentencing judge granted Garza's request for post-conviction relief and held a comprehensive resentencing hearing. *Garza*, 888 N.W.2d at 532-33. At the close of the hearing, the judge sentenced Garza to 90 to 90 years on the murder conviction and 6 2/3 to 20 years for the weapon conviction to run consecutively. Id. at 533. The judge informed Garza that unless he lost some good-time credit, he would be eligible for parole upon serving 48 years 4 months and would be mandatorily discharged upon serving 55 years. *Id.*

Garza timely appealed his sentence to the Nebraska Supreme Court, arguing his sentence was excessive and violated his constitutional rights. The Nebraska Supreme Court rejected his arguments and affirmed his sentences. Garza petitioned the United States Supreme Court for a writ of certiorari, which was denied on October 2, 2017. *Garza v. Nebraska*, ___ U.S. ___, 138 S. Ct. 83 (2017).

Garza now petitions this Court for a writ of habeas corpus. *See* 28 U.S.C. § 2254. As sole grounds for his petition, Garza contends "he is being held in violation of the Eighth Amendment's ban on cruel and unusual punishment as he was a minor at the time of the offense and was sentenced to a de facto life sentence without a finding of irreparable corruption." According to Garza, "[t]his issue is important because states are split on whether a lengthy term of years sentence is equivalent to a life sentence for purposes of" the Eighth Amendment and "whether a sentencing court must make a finding of permanent incorrigibility before imposing a life or de facto life sentence."

Having completed an initial review of Garza's petition and his supporting documentation, the Court provisionally finds that summary dismissal is not required at

this time, and that the respondent should answer or otherwise respond to the petition. Accordingly,

IT IS ORDERED:

1. The Clerk of Court shall serve copies of this order and the petition to the respondent and the Nebraska Attorney General.

2. On or before January 15, 2018, the respondent shall file a response consisting of either an answer to the petition on the merits of the claims and any affirmative defenses in the manner contemplated by Rule 5 of the Rules Governing § 2254 Cases, or a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. The Clerk of Court shall set a case-management deadline for this date.

3. Whether filing an answer or a motion for summary judgment, the respondent shall file (1) a pleading entitled "Designation of Relevant State Court Records," describing in detail any records relevant to the petition, and (2) copies of all records described in that designation.

4. If Garza determines that the respondent's designation is insufficient, he shall have ten days to file a motion specifically requesting additional documents and explaining the reasons the documents are relevant to his claims.

5. Whether the respondent files an answer or a motion for summary judgment, Garza shall file any reply within thirty days after service of the respondent's answer or motion.

Dated this 15th day of December, 2017.

BY THE COURT:

Robert F. Rossiter, Jr.
United States District Judge